IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kendrick Nesbitt,<br><br>Plaintiff,<br><br>v.<br><br>Director Brian Sterling, Warden Palmer, Major Borom, Captain Campbell, Officer Jeter, and Officer Whitaker,<br><br>Defendants. | ) | Civil Action Nos. 9:25-cv-06015-BHH<br>9:25-cv-13723-BHH<br><br>**ORDER** |

Plaintiff Kendrick Nesbitt ("Plaintiff"), proceeding *pro se*, filed a complaint on July 30, 2025, in state court against Defendants. (ECF No. 1-1.) Liberally construed, the complaint appears to assert that Defendants failed to protect Plaintiff from a stabbing by another inmate on May 19, 2025, and failed to provide medical treatment after the attack. (ECF No. 1-1 at 5-6, 10 17.) Plaintiff appears to assert claims for violation of his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution, as well as various state-law claims, including negligence and gross negligence. (*See* generally ECF No. 1-1.) The case was removed to this Court as Civil Action No. 9:25-cv-13723 on December 4, 2025. (ECF No. 1 (asserting that the Court has original jurisdiction over the action because the complaint asserts claims arising under the U.S. Constitution and laws of the United States).)

Now before the Court is Plaintiff's motion for partial remand. (ECF No. 15.) Plaintiff seeks to have the Court remand the state-law claims asserted in his complaint but retain jurisdiction of his federal claims. (*Id.*) Defendants Warden Palmer, Major Borom, Captain

Campbell, Officer Jeter, and Officer Whitaker ("Defendants") oppose the motion.[1] (ECF No. 18.) They contend that "a partial remand would force the parties to litigate the same facts in two separate forums, directly contradicting the interests of judicial economy and fairness." (*Id.* at 1.) Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(A) and (B), and the Local Rules, D.S.C., this motion was referred to a United States Magistrate Judge for consideration.

On March 6, 2026, United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") recommending that the Court deny Plaintiff's motion for partial remand. (ECF No. 23.) The Report first notes that the Court has original jurisdiction over Plaintiff's civil rights claims brought pursuant to 42 U.S.C. § 1983. (*Id.* at 4.) The Report then outlines the law governing the Court's supplemental jurisdiction as set forth in 28 U.S.C. § 1367. (*Id.*) Based on a review of Plaintiff's complaint, the Magistrate Judge finds that that "the state-law claims are based on the same operative factual allegations as the § 1983 claims and, therefore, are 'so related' to the federal causes of action that they form 'part of the same case or controversy.'" (*Id.* at 5 (citing 28 U.S.C. § 1367(a)). The Magistrate Judge also finds that there are no circumstances present in this case to support that the Court should, in its discretion, decline to exercise supplemental jurisdiction. (*Id*. (finding, for example, that the state law claims do not raise novel or complex issues of state law).)

As reflected in the caption of this Order, Plaintiff has another case pending in this Court, Civil Action No. 9:25-cv-6015 (hereinafter "Action -6015"). Action -6015 was also referred to the Magistrate Judge and is addressed in her Report because Action -6015

---

[1] As of the filing of this Order, Defendant Bryan Stirling has not made an appearance in this case, nor is there any indication on the docket that this Defendant has been served.

"appears to arise out of the same May 19, 2025 incident." (*Id.* at 1 (further noting that Plaintiff has not brought Action -6015 into proper form).) In their response to Plaintiff's motion, Defendants make note of this fact and request "that the two federal cases be consolidated or that case number 9:25-cv-6015-BHH-MHC be dismissed," noting that the amended complaint in Action -6015 has not been served on any of the Defendants. (ECF No. 18 at 2-3.) After reviewing the relevant law, the operative complaint in Action -6015, and given the fact that Plaintiff was ordered to bring Action -6015 into proper form and warned that failure to do so may result in dismissal,[2] the Magistrate Judge also recommends in her Report that the Court dismiss, without prejudice, Action -6015. (ECF No. 23 at 7.)

On March 24, 2026, Plaintiff filed objections to the Report, followed by a supplement. (ECF Nos. 26, 29.) On April 7, 2026, Defendants filed a reply in opposition to Plaintiff's objections. (ECF No. 28.)

## **STANDARD OF REVIEW**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter

[2] *See* ECF No. 5-7 in Action -6015.

only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir.1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate.").

## **DISCUSSION**

In his objections, Plaintiff states that he was not aware that the case was removed by Defendants but then he states that he "removed the 8th and 14th Amendment violations. So the case should have not been removed. These are issues that the Court of Common Pleas are to hear." (ECF No. 26 at 1.) As for Action -6015, Plaintiff states that he "brought case [sic] into proper form as recommended by the Magistrate Judge Molly Cherry. Plaintiff amended the complaint and sent the facts in according [sic] Judge's Order[.]" (ECF No. 26 at 1.) However, Plaintiff then states that "no legal documents were sent" to him, which "is also possible [sic] why Plaintiff did not know to bring papers into form." (*Id.* at 2.) Plaintiff contends that he has a right to argue the claims asserted in Action -6015,

and he asks that the Court allow him to do so before the claims are dismissed." (*Id.*) In sum, Plaintiff does not assert any specific objections to the Report nor provide any factual or legal argument for why this Court should reject the recommendations set forth in the Report. The Court notes that in Plaintiff's supplement in support of his objections, Plaintiff acknowledges that his state law claims are "unquestionably . . . a state law matter" and then repeats his contention that "both cases should be argued." (ECF No. 29 at 1.)

Having reviewed the objections, the Court discerns no clear error in the Report. Therefore, the Court adopts the Report.

**CONCLUSION**

Based on the foregoing, the Court **adopts and specifically incorporates** herein the Magistrate Judge's Report into this Order (ECF No. 23); **overrules** Plaintiff's objections (ECF No. 26); **denies** Plaintiff's motion for partial remand (ECF No. 15); and **dismisses without prejudice** the amended complaint **in Civil Action No. 9:25-cv-6015-BHH** and directs the Clerk of Court to close that case. Accordingly, Plaintiff's claims will proceed before this Court in Civil Action No. 9:25-cv-13723-BHH.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 20, 2026
Charleston, South Carolina